IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


**MAURICIO LEON-DONATO,**          *
    Petitioner,          *
                        *
                        *
            v.          *
                        *          **CIVIL NO. 07-1517(DRD)**
                        *
**UNITED STATES OF AMERICA,**          *
    Respondent.          *
_____          *


## <u>OPINION & ORDER</u>


Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1)[1]. Respondent filed a response to the Petition (D.E. #4). Petitioner then filed a Reply to the Response (D.E. #5). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

On March 7, 2000, Petitioner Mauricio Leon-Donato (hereinafter "Petitioner" or "Leon-Donato") was charged along with another co-defendant in a sealed complaint (Crim. D.E. 2)[2]. Said Complaint charged Leon-Donato and his co-defendant with knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree together with other persons, to wit: posses with intent to distribute and import into the United States from a place outside thereof, namely Bogota, Colombia, not less than ten (10) kilograms of heroin, a Schedule I Narcotic Drug Controlled Substance. All in

_____

[1]D.E. is an abbreviation of docket entry number.

[2]Crim. D.E. is an abbreviation of criminal docket entry.

violation of Title 21, United States Code, Section 846 and 963. (Crim. D.E. 2). On March 7, 2000, an arrest warrant was issued against Leon-Donato (Crim. D.E. 2). At the time of the Complaint Petitioner, a Colombian national, along with his co-defendant was believed to be residing in Colombia (See: Criminal Case 02-191(DRD)). On March 25, 2002, the Government informed the Court that it had filed extradition documents against Leon-Donato and his co-defendant and it was currently awaiting for both co-defendants to be arrested by Colombian authorities (Crim. D.E. 7).

On May 22, 2002, a Two Count Sealed Indictment was filed against Petitioner and another co-defendant (Crim. D.E. 9). Count One charged Leon-Donato and his co-defendant with knowingly, willfully, intentionally, and unlawfully conspire, confederate, and agree together and with divers other persons known and unknown, to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1). Al in violation of Title 21, United States Code, Section 846. Count Two of the Sealed Indictment charged Petitioner along with his co-defendant from on or about September 1, 1995, up to and including February 11, 2001, in the District of Puerto Rico, and elsewhere and with in the jurisdiction of this Court, with willfully, knowingly, intentionally, and unlawfully conspire, confederate, and agree together and with divers other persons both known and unknown to import into the United States, from a place outside thereof, to wit; Bogota, Colombia, one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section

Civil No. 07-1577(DRD)                                            Page 3

952(a).  All in violation of Title 21, <u>United States Code</u>, Section 963. (Crim. D.E. 9)[3].

On September 5, 2003, Leon-Donato and his co-defendant were arrested in Colombia, by Colombian authorities, pursuant to a United States' request for provisional arrest pending extradition. (Crim. D.E. 15)[4]. On December 20, 2004, Leon-Donato was brought before the Court and his initial appearance was held; he was ordered detained without bail pending his bail hearing. (Crim. D. E. 16). On January 10, 2005, a bail hearing was held and Leon-Donato was ordered detained without bail pending trial. (Crim. D.E. 23). On May, 2, 2006, Leon-Donato, through his counsel, filed a Motion for Change of Plea. (Crim. D.E. 77). On June 22, 2006, a Plea Agreement between Petitioner and the Government was filed with the Court. (Crim. D.E. 99). On June 22, 2006, Petitioner's Change of Plea Hearing was held before Magistrate Judge Gelpi. (Crim. D. E. 98)[5]. On that same date Magistrate Judge Gelpi issued his Report and Recommendation recommending that Leon-Donato's Plea of Guilty and Plea Agreement be accepted by the District Court. (Crim. D.E. 96). On July 7, 2006, the District Court issued it's order approving and adopting the Report and Recommendation as to Petitioner's plea of guilty. (Crim.

───────────────

[3]Again arrest  warrants were issued for Petitioner and his co defendant based on the accusations of the sealed indictment (Crim. D.E. 10).

[4]From September 5, 2003, until the date of extradition both Petitioner and his co-defendant were held in a Colombian jail.

[5]Pursuant to his Plea Agreement Leon-Donato plead guilty to Count One (1) of the Indictment, the remaining count would be dismissed by the Government at sentencing.  See Crim. D.E. 99.

Civil No. 07-1577(DRD)                                          Page 4

D.E. 102).

On August 25, 2006, Petitioner was sentenced to a term of
imprisonment of ninety six (96) months as to Count One (1) of the
Indictment[6]. A term of Supervised Release of five (5) years and a
Special Monetary Assessment of one hundred dollars ($100.00)was also
imposed. (Crim. D.E. 108). Judgment was entered on September 8,
2006. (Crim. D.E. 110). Leon-Donato did not appeal his conviction or
sentence[7]. Petitioner timely filed his Petition to vacate, set aside
or correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255.(D.E.
1). The Government responded on July 6, 2007, (D.E. 4), and the
matter was then ready for disposition.

## II. DISCUSSION

In his Petition under 28, U.S.C. Sec. 2255, Petitioner alleges
that his counsel was ineffective because: a) he failed to argue for
a downward departure due to the conditions of confinement he face in
a Colombian jail; and (b) his attorney failed to argue for a downward
departure due to his status of deportable alien.

### A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the
court to vacate, set aside, or correct his sentence if one of the
following events happens:

---

[6]The Court chose to follow the sentencing recommendations
established in paragraph eleven (11) of the Rule 11(c)(1)(A)&(B)
Plea Agreement entered into by the parties. See Crim. D.E. 99.

[7]Pursuant to paragraph nineteen (19) of Petitioner's Plea
Agreement if the Court accepted the terms and conditions of the
Plea Agreement, which it did, Leon-Donato then waived his right to
appeal his judgment and sentence. See Crim. D.E. 99.

Civil No. 07-1577(DRD)                                              Page 5

       1.   the sentence was imposed in violation of the Constitution or laws of the United States...

       2.   the court was without juridiction to impose the sentence,

       3.   The sentence was in excess of the maximum authorized by law or...

       4.   The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essiq, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**Ineffective assistance of counsel claim due to attorney's alleged failure to seek a downward departure due to Petitioner's conditions of confinement during pre trial detention at a Colombian prison.**

Petitioner Leon-Donato's first claim of ineffective assistance of counsel is procedurally defaulted.  Petitioner did not raise his claim at sentencing or on appeal he must therefore couch it in terms of ineffective assistance of counsel, almost as a scape goat route to avert a meritless claim.  The Supreme Court in <u>Bousley</u> v. <u>United States</u>, 4523 U.S. 614 (1998), stated where criminal defendant has procedurally defaulted his claims by failing to raise them on direct review, the claims may be raised in a motion to vacate only if the defendant can demonstrate either cause and actual prejudice or his actual innocence.  Such is the burden which Leon-Donato must meet.

Leon-Donato essentially argues that "cause" exists based upon the alleged ineffective assistance of his counsel in failing to seek a downward departure due to the conditions of confinement while he was detained in a Colombian jail awaiting extradition[8].

Petitioner's claim must be analyzed using the two-part test from <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984).  Leon-Donato is required to show that :

> (1) his counsel's representation fell below an objective standard of reasonableness; and
>
> (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 688-94.

The Supreme Court has gone on to state that a court need not

---

[8]The Court notes that Petitioner has not made a claim of actual innocence.  On the contrary in D.E. # 1 at page 2 Leon-Donato States: "The defendant is indeed guilty of the instant offence of conviction..."

Civil No. 07-1577(DRD)                                            Page 7

determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland, 466 U.S. at 697.

    After a careful review of the record the Court finds and concludes that Leon-Donato has failed to show that he was prejudiced by the "error" he alleges his counsel made.  In fact, it is the finding of this Court that no such error occurred, on the contrary, Petitioner received a substantial benefit in his Plea Agreement and the time Leon-Donato spent in a Columbian jail was taken into consideration by the Court.

                    The Court: The Court makes a finding in this case, as
                    well as in the case of Ms. Sandra Sandoval Mendoza,
                    that the United States has advised the Court that they
                    were the entity that requested Colombian authorities
                    to incarcerate both defendants, Sandra Sandoval and
                    Mauricio Leon Donato, in this case, and therefore,
                    orders that the Defendants be granted credit for the
                    time they have spent in prison since August 27, 2003.
                    A non-following of this order will be considered by
                    this Court as contempt. (S.H. Tr., at page 10).
                    The Court: The Court is aware that the Defendant's
                    criminal history may be under-represented because the
                    crime, as well as that of the co-partner's, may have
                    been for more drugs and there may have been other –
                    more than the Defendants working for him.  The Court
                    is aware of all of that, but the Court understands
                    that the agreement is sufficient but not excessive.

Civil No. 07-1577(DRD)                                          Page 8

> Further , the Court has considered all the factors in
> Title 18 U.S. Code 3553 and will sentence the
> Defendant to what he has agreed upon in the plea
> agreement. Therefore, it is the judgment of the Court
> that the Defendant is hereby committed to the Custody
> of the Bureau of Prisons, to be imprisoned for a term
> of 96 months. He is to receive credit for the time he
> has been incarcerated in Bogota, Colombia since he was
> incarcerated in Colombia for this crime at the request
> of the United States. (S.H. Tr., at page 13-14).

Clearly the record of this case reflects that the Court not only took into account the fact that Leon-Donato spent time in a Colombian jail but it used it as one of the factors it considered in accepting a Plea Agreement and its recommendation of a reduced sentenced.

Other cases that have treated pre-sentence confinement conditions as potential grounds for downward departures primarily arise from courts in the Second and Third Circuits; the First Circuit has not explicitly addressed the question. In <u>United States </u>v. <u>Carty</u>, 264 F.3d 191 (2nd Cir.2001), the Court held that pre-sentence confinement conditions may, in appropriate cases, be a permissible basis for downward departures. Likewise, in <u>United States </u>v. <u>Sutton</u>, 973 F.Supp. 488 (D.N.J. 1997), the district court applied Third Circuit precedent to conclude that a sentencing court is not foreclosed as a matter of law from considering pretrial confinement conditions as a possible basis for departing downward, although it

Civil No. 07-1577(DRD)                                          Page 9

declined to do so depart on the facts of the case [9].

     Not withstanding the fact that the First Circuit has not
addressed the issue at hand, Petitioner in his plea Agreement,
knowingly agreed not to seek a downward departure from the applicable
guideline sentencing range.  Specifically, paragraph nine (9) of the
Plea Agreement states: "The United States and the defendant agree
that no further adjustments or departures to the defendant's base
offense level pursuant to any guideline or statute shall be sought by
the parties. The parties agree the Specific Sentencing Recommendation
is reasonable and will not argue anything to the contrary."(Crim.
D.E.99 pages 4-5).  Therefore, if Petitioner's attorney had sought a
downward departure at sentencing, he would have acted contrary to the
terms of Petitioner's plea agreement.  Leon-Donato has not indicated
a desire to withdraw his plea[10].  Petitioner can not now claim that
his attorney's failure to act in breach of the plea agreement, by
requesting a downward departure, could scarcely constitute
ineffective assistance of counsel in such circumstances.  Leon-Donato
can not have his cake and eat it to.

     For the reasons previously stated this Court concludes that

_____

     [9]A review of the cases in which the court has agreed to depart
downward based on the conditions of confinement reveals that court
have departed when extremely harsh conditions are evidenced through
an extensive factual record of abuse and mistreatment suffered by a
defendant.  See United States v. Francis, 129 F.Supp.2nd 612
(S.D.N.Y. 2001).  Such evidence is lacking in the record of the
case of Petitioner Leon-Donato.

     [10]In Petitioner's memorandum he states: "the defendant is not
challenging his plea agreement...The defendant continue to
demonstrate a willingness for acceptance of responsibility of
conviction.  The defendant is indeed guilty of the instant offense
of conviction...(D.E. 1 at page 2).

Petitioner Leon-Donato fails at his first argument of ineffective assistance of counsel.

**Ineffective assistance of counsel claim due to attorney's alleged failure to argue for a downward departure due to Petitioner's status of deportable alien**

Petitioner's second claim of ineffective assistance of counsel is also procedurally defaulted.  Once again Petitioner did not raise his claim at sentencing or on appeal he must therefore couch it in terms of ineffective assistance of counsel <u>Bousley</u> v. <u>United States</u>, 452 U.S. 614 (1998).  Once again Leon-Donato faces the burden of having to demonstrate either cause and actual prejudice or his actual innocence.  He fails at both.

Leon-Donato argues that "cause" exists based upon the alleged ineffective assistance of counsel in failing to argue for a downward departure due to his status of deportable alien.  Once again Petitioner's request must be analyzed using the now familiar two part <u>Strickland</u> test.  In accordance with Strickland this Court will first examine the prejudice suffered by Petitioner as a result of the alleged deficiencies. <u>Strickland</u>, 466 U.S. at 697.

Petitioner contends in his argument that pursuant to <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005) the court should have considered mitigating factors at the time of sentencing that were previously unavailable under a mandatory Sentencing Guideline regime. Particularly, Petitioner contends that since the fact the he is a deportable alien precludes him from receiving certain benefits , such as completion of his sentence in a half way house, this means that he will spend more time in a federal penitentiary than if he were a

citizen of the United States and for that his sentence should be reduce.  This is the argument wherein Petitioner contends ineffective assistance of counsel claim as to his counsel.

Although true that since <u>Booker</u> the Guidelines are now advisory requiring the Courts only to consider the guidelines when sentencing it does not mean that every plausible argument or request for departure made by a defendant will be entertained and accepted by the court.  Such is the case of a deportable alien downward departure.

In <u>United States </u>v. <u>Restrepo</u>, 999 F.2d 640 (2d Cir. 1993), the Circuit Court held that the particular collateral consequences of the defendant's alienage did not serve as a valid basis for departure. Specifically, the Court held that the following collateral consequences did not justify departure: "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family." <u>Restrepo</u> at 644. In <u>Pineda</u> v. <u>United States</u>, 2009 WL 86663 (D.R.I.) The Court found that  "The fact that a prisoner subject to an immigration detainer is ineligible for assignment to a half-way house does not amount to a violation of either due process or equal protection.  In fact, an inmate's ineligibity to participate in various prison programs due to his alien status, ordinarily, is not even ground for a downward departure." <u>Pineda</u> at 86663[11].  Such is the

---

[11]See also: <u>United States </u>v. <u>Lopez Salas</u>, 266 F.3d 842, 848 (8th Cir. 2001) "being categorically excluded from receiving early release [due to alien status] is not, by itself, an unusual or

Civil No. 07-1577(DRD)                                              Page 12

case of Petitioner, he has not provided any extraordinary acceptable reason nor been able to show a justifiable reason as to why he should be the recipient of a downward departure.  The mere fact that he is an alien and the consequences which said status entails is not sufficient.  Furthermore, Leon-Donato's status as an alien is something he brought upon himself by illegally entering into the United States he must now live with the consequences of his actions.

Lastly, the Court notes that if Petitioner's attorney had requested the departure proposed by Leon-Donato the same would have constituted a breach of his plea agreement.  It therefore could scarcely constitute ineffective assistance of counsel in such circumstances.  Once again, Leon-Donato can not have his cake and eat it to.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **MAURICIO LEON-DONATO,** is not entitled to federal habeas relief on the claim presented.  Accordingly, it is ordered that petitioner **MAURICIO LEON-DONATO's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of February 2010.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

atypical factor justifying downward departure; United States v. Reynoso, 336 F.3d 46, 50-51 (1st Cir. 2003) "no jurisdiction to review discretionary denial of downward departure to defendant who, as deportable alien, claimed he was denied access to certain programs, such as a halfway house and work-release, that were available to non-alien prisoners.